# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00343-MR
# [CRIMINAL CASE NO. 1:17-cr-00044-MR-DLH-1]

| | |
|---|---|
| JOSHUA DALE FULLER, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] and the Government's Motion to Dismiss [Doc. 3]. Also pending are Petitioner's Motion for Leave to Expand the Record [Doc. 5] and Motion Requesting Leave to Supplement the Current 28 U.S.C. § 2255(a) Motion to Vacate Sentence [Doc. 6].

**I.    BACKGROUND**

Petitioner entered a straight up guilty plea in the underlying criminal case to: one count of bank robbery and aiding and abetting the same (Count One); one count of assault with a dangerous weapon during bank robbery and aiding and abetting the same (Count Two); and one count of using and

discharging a firearm during the commission of a crime of violence and aiding and abetting the same (Count Three). [See Criminal Case No. 1:17-cr-00044 ("CR"), Doc. 57]. The Court sentenced Petitioner to a term of 46 months' imprisonment for each Count One and Count Two, to be served concurrently, and to the statutorily required term of 120 months for Count Three, to be served consecutively, for a total term of 166 months' imprisonment. [CR Doc. 84]. Judgment was entered on April 16, 2018. [Id.].

Petitioner filed the instant Motion to Vacate on November 13, 2018. [Doc. 1]. In his motion, he argues that he received ineffective assistance because counsel failed to consult with him about filing a notice of appeal of this Court's Judgment. [Id.]. He further argues that he would have challenged his sentence on direct appeal because counsel did not make the Court aware of the Supreme Court's decision in Dean v. United States, 137 S.Ct. 1170 (2017), and failed to argue that a minimum mandatory sentence under 28 U.S.C. § 924(c) can be taken into consideration when imposing the sentence for other counts.

The Court ordered the United States Attorney to respond to the Motion to Vacate. [Doc. 2]. The Government filed its Response on February 4, 2019. [Doc. 3]. In that Response, the Government argues that Petitioner's ineffective assistance claim fails as a matter of law because Petitioner cannot

show there were nonfrivolous grounds for appeal or that he reasonably demonstrated to counsel that he wanted to appeal. The Government therefore moves to dismiss Petitioner's Motion. [Id.].

In his Reply, Petitioner states that he asked his lawyer whether there would be an appeal of the sentence imposed and that his lawyer advised him that "an appeal would be done by another attorney at a later date." [Doc. 4 at 3]. Petitioner contends that this exchange reasonably led him to believe that another attorney would prepare his appeal. [Id.]. In support of this argument, Petitioner also moves to expand the record with his own affidavit, in which he asserts under penalty of perjury:

> Following the Court's imposition of the one-hundred and sixty-six (166) month term of imprisonment I inquired of my then attorney Jason R. Hayes, and would "an appeal be taken of my case." Mr. Hayes explained "that another attorney would be my counsel on appeal, which would be forthcoming at a later date." Mr. Hayes did not explain to my person any deadlines for filing of a notice of appeal, nor did he explain if or when the other attorney would be meeting with my person with regard to the appeal.

[Doc. 5 at 2].

In his Motion Requesting Leave to Supplement the Current 28 U.S.C. § 2255(a) Motion to Vacate Sentence, Petitioner argues that Garza v. Idaho, 203 L.Ed.2d 77 (2019), is contrary to the Government's assertion that Petitioner's claim of ineffective assistance fails as a matter of law because

3

failure to file a notice of appeal at a defendant's clear request is *per se* ineffective assistance of counsel. [Doc. 6]. The Government has not responded to Petitioner's motions to expand the record and to supplement his motion to vacate.

**II.    STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

4

**III.    DISCUSSION**

Where a defendant unequivocally asks counsel to file a notice of appeal and counsel fails to do so, prejudice is presumed without regard to the merits of any appellate issues or a waiver of appellate rights. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (citing United States v. Cronic, 466 U.S. 648 (1984)); Garza v. Idaho, 139 S.Ct. 738, 744 (2019) (holding that Flores-Ortega's presumption of prejudice applies despite an appeal waiver). The prescribed remedy is to vacate the original judgment and enter a new judgment from which an appeal can then be taken. United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

Even if the client does not *expressly* request an appeal, counsel has a constitutional duty to consult with a defendant about an appeal where there is reason for counsel to believe either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Flores-Ortega, 528 U.S. at 480; Gordon v. Braxton, 780 F.3d 196, 200 (4th Cir. 2015); United States v. Cooper, 617 F.3d 307, 313 (4th Cir. 2010). Dereliction of either of these duties constitutes deficient performance. Flores-Ortega, 528 U.S. at 484; Gordon, 780 F.3d at 200. A defendant establishes prejudice by

demonstrating a reasonable probability that he would have filed an appeal "but for" counsel's failure to consult. Flores-Ortega, 528 U.S. at 484; see United States v. Poindexter, 492 F.3d 263, 268-69 (4th Cir. 2007). In demonstrating prejudice, the defendant is under no obligation "to demonstrate that his hypothetical appeal might have had merit." Flores-Ortega, 528 U.S. at 486.

Here, Petitioner has shown that, at a minimum, he reasonably demonstrated to counsel that he was interested in appealing; that counsel failed to consult with him about an appeal; and that he would have raised a sentencing claim on appeal but for counsel's deficient performance. The Court determines that the interests of justice would best be served by granting the Motion to Vacate to the extent that Petitioner claims that counsel was ineffective with regards to Petitioner's appellate rights. The Court will, therefore, vacate the original Judgment and enter an Amended Judgment from which an appeal may be taken. This Order granting Petitioner's Motion to Vacate shall be without prejudice to Petitioner filing a second Motion to Vacate after he appeals his conviction.

Petitioner is hereby advised that, upon entry of the Amended Judgment, he has the right to appeal his criminal case to the United States Fourth Circuit Court of Appeals. Should Petitioner choose to appeal, he must

6

file a Notice of Appeal with the Clerk of Court for the United States District Court for the Western District of North Carolina within 14 (fourteen) calendar days after the date the Amended Judgment of conviction is filed or within 14 (fourteen) calendar days after any government appeal is filed, whichever is later. Fed. R. App. P. 4(b)(1)(A).

## IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's Motion to Vacate. Petitioner's motions to supplement his Motion to Vacate and to expand the record are also granted. The Government's Motion to Dismiss is denied. The Clerk of Court is respectfully directed to prepare an Amended Judgment in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate [Doc. 1] is **GRANTED**.
2. The Government's Motion to Dismiss [Doc. 3] is **DENIED**.
3. Petitioner's Motion for Leave to Expand the Record [Doc. 5] is **GRANTED**.
4. Petitioner's Motion Requesting Leave to Supplement the Current 28 U.S.C. § 2255(a) Motion to Vacate Sentence [Doc. 6] is **GRANTED**.
5. The Clerk of Court shall prepare an Amended Judgment in accordance with this Order.

7

**IT IS SO ORDERED.**

Signed: March 3, 2020

Martin Reidinger
United States District Judge